[ *201 ]       *THE PEOPLE *ex relatione* Norton *vs.* GILLIS.

Where the owner of a mill, by a written contract without seal, stipulated to pay a mill-wright for repairing the mill a certain sum in advance and a certain other sum when the mill should be finished; and further agreed to *secure the mill to the mill-wright until the profits of the mill should be sufficient to discharge his claim ;* IT WAS HELD that the contract was not a lease, but an agreement for a lease; and *it was further held,* that if it could be considered a lease, it created an *estate for life determinable when the claim of the mill-wright should be paid,* and thus the estate being an *estate of freehold,* it could not be granted by writing *without seal.*

THIS was the trial of a *traverse* of an inquisition in a case of forcible entry and detainer, at the Washington circuit in June, 1838, before the Hon. JOHN WILLARD, one of the circuit judges.

By the inquisition the jury found that the relator had an estate in possession of a grist mill, situate, &c. and was lawfully and peaceably in possession until the 26th October, 1836, when the defendant with strong hand and a multitude of people entered and expelled him, and unlawfully and forcibly keeps him out. The inquisition was removed into this court by *certiorari* and *traversed* by the defendant.

On the trial the relator offered to prove, that on the 24th October, 1834, the premises and mill site in question were owned and possessed by the defendant, and that on that day he and the defendant entered into a written contract, without seal, by which he agreed to build, or rather repair, a grist mill for the defendant, in a manner particularly specified, to find all the castings, &c. and to have the whole done in November, 1836. The defendant on her part agreed to prepare the building or receive the gears, to furnish a corn-cracker and one run of stone then in the mill, &c. and to pay the relator for his work and materials $1191,82, in the following manner—$300 in advance, and $891,82, to be paid with interest after the mill should be finished; and stipulated as follows : " And I do further agree to bind myself and heirs' *to secure* the above mill to the said John till the profits of the mill is sufficient to discharge his claim." The *relator entered immediately after the date of the agreement, went on with the work, and continued in possession until the 26th of October, 1836, when the defendant entered the mill with two men and ordered the relator to quit, telling him that if he did not go he would be put out. The relator thereupon left the mill—the work not then being completed, nor the time for com-

pleting it expired. The judge ruled against the relator—he excepted, and the jury thereupon found a verdict for the defendant. The relator now moves for a new trial.

*C. L. Allen*, for relator.

*J. Crary*, for defendant.

*By the Court*, BRONSON, J. The contract contained no words of present demise, and the parties did not, I think, intend that it should operate as a lease, but only as an agreement to give a lease after the mill should be completed. I have looked into the cases on this subject, and none of them go far enough to prove that the relator had a present interest in the property while the work was in progress. Indeed, if the work had been finished, I think his only remedy at law would be an action on the contract.

But if this was a lease, the case is embarrassed with another difficulty. It was a demise until the profits of the mill should be sufficient to discharge the debt. This grant for an indeterminate period created an estate for life, determinable when the debt should be paid from the rents and profits of the mill. *Co. Litt.* 42, (*a*). 4 *Kent's Comm.* 26. It was an estate of freehold, which could not be granted without a seal, 1 *R. S.* 738, § 137, and this was a simple contract.

The agreement amounted to a license to enter for the purpose of doing the work; but it was revoked. For the breach of the contract by the defendant, the relator has a remedy by action to recover damages; but he has no title to the possession.

New trial denied.